**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 21-00616-DOC-KESx                    Date: August 26, 2021

Title: GARY SCHERER V. PACIFIC CITY HOTEL, LLC ET AL.

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [14] AND REMANDING CASE TO STATE COURT SUA SPONTE**

Before the Court is Defendant's Pacific City Hotel, LLC's ("Defendant") Motions to Dismiss (Dkt. 14). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers, the Court REMANDS this case sua sponte to state court and DENIES AS MOOT Defendant's Motion to Dismiss.

**I.**    **Background**

     **A.**    **Facts**

The following facts are drawn from the First Amended Complaint in this action ("FAC") (Dkt. 18). This is a case challenging the reservation policies and practices of a hotel. *See generally* FAC. Plaintiff Gary Scherer ("Plaintiff") is a California resident with physical disabilities who attempted to book a hotel room for a trip to Huntington Beach,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-0632-DOC-ADS                                                                 Date: August 26, 2021
                                                                                                              Page 2

California, but found insufficient information on the hotel's website to assess whether hotel rooms were accessible with respect to his needs. *Id.*

### B.      Procedural History

On February 25, 2021, Plaintiff filed his complaint against Defendant in the Superior Court for the State of California, County of Orange, alleging causes of action for (1) violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; and (2) violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. Notice of Removal (Dkt. 1) at 8-10.

On August 13, 2022, Defendant brought a Motion to Dismiss seeking to dismiss Plaintiff's FAC for failure to state a claim (Dkt. 14). On August 23, 2021, Plaintiff filed the First Amended Complaint ("FAC") (Dkt. 18). The FAC alleges causes of action for (1) violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53; and (2) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* FAC at 8-9. The FAC did not plead a claim under the ADA. *Id*.

## II.      Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-0632-DOC-ADS						Date: August 26, 2021
								Page 3

### III.	Discussion

Congress has authorized the federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This provision is usually invoked when plaintiffs plead a cause of action created by federal law. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manuf.*, 545 U.S. 308, 312 (2005). In determining whether a federal district court has "arising under" jurisdiction over a claim, we must keep in mind "the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts": the well-pleaded complaint rule. *California Shock Trauma Air Rescue v. State Compen. Ins. Fund*, 636 F.3d 538, 541 (9th Cir. 2011). "Under the well-pleaded complaint rule, the Court must determine whether "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id*. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint*." Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

While Plaintiff has not formally moved for remand, Plaintiff has removed his claim under the ADA—the original and only basis for its case being in federal court. Plaintiff's cause of action and prayer for relief do not present an essential question of federal law, and the First Amended Complaint contains only state law causes of action. Now that the Court lacks subject matter jurisdiction, it must exercise its discretion, and it accordingly declines to exercise supplemental jurisdiction over the remaining state law claims.

### IV.	Disposition

For the reasons set forth above, the Court **DENIES AS MOOT** Defendant's Motion to Dismiss and hereby **REMANDS** this case to the Superior Court of Orange County, California.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11						Initials of Deputy Clerk: kdu

CIVIL-GEN